| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 8/26/2020 |

ARCESIUM LLC,

                    Plaintiff,

      -against-

ADVENT SOFTWARE, INC., and SS&C TECHNOLOGIES HOLDINGS, INC.,

                    Defendants.

1:20-cv-04389-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      On July 15, 2020, Defendants moved [ECF #66] for a stay of discovery pending the resolution of their motion to dismiss the Complaint. The Plaintiff opposes the request. *See* ECF #68. After review of the parties' submissions, the Motion to Stay Discovery is GRANTED IN PART, and DENIED IN PART.

      IT IS HEREBY ORDERED that "party discovery" is not stayed pending a ruling on the motion to dismiss and should begin immediately. The following deadlines will govern the conduct of party discovery

- Initial Disclosures must be served no later than 14 days from the date of this Order

- Initial Requests for Production of Documents, and Interrogatories regarding the existence of location of documents must be served by September 11, 2020

- Substantial completion of document production between the Parties, including production of privilege logs, must be complete by December 31, 2020.

- Party depositions must be completed by January 31, 2020

In the case of discovery disputes, the parties shall follow Local Rule 37.2 and the Court's Individual Rules of Practice in Civil Cases ("Individual Practice Rules"), which are available at

https://nysd.uscourts.gov/hon-mary-kay-vyskocil. Any party wishing to raise a discovery dispute

with the Court must first meet and confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.

In the event the Parties are unable to resolve the dispute through the meet and confer process, the Parties may file a joint letter on ECF, no longer than four pages, explaining the nature of the dispute and setting forth the position of each party with respect to the disputed issue, and requesting an informal conference.  Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful.  Discovery disputes must be raised with the Court in sufficient time to obtain a ruling and any further discovery that is ordered in advance of the discovery cutoff.

IT IS FURTHER ORDERED that "third-party discovery" is stayed pending a ruling on the motion to dismiss.  Within three days of the Court's order on the motion to dismiss, the Parties must file a joint letter proposing deadline for all remaining discovery.

Any application to modify or extend the dates herein shall be made in a written application in accordance with paragraph 2(G) of the Court's Individual Practice Rules and shall be made no less than three (3) days prior to the expiration of the date sought to be extended. **Failure to comply with the deadlines set forth herein may result in sanctions, including preclusion at trial of information not provided or dismissal of claims or defenses.**

SO ORDERED.

Date:  August 26, 2020  
       New York, NY

_____  
**MARY KAY VYSKOCIL**  
**United States District Judge**