UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
: Case No: 1:20-cv-04389 (MKV)
ARCESIUM LLC, :
:
Plaintiff, :
v. : **CONFIDENTIALITY STIPULATION**
: **AND PROTECTIVE ORDER**
ADVENT SOFTWARE, INC. and SS&C :
TECHNOLOGIES HOLDINGS, INC., :
:
Defendants. :
:
------------------------------------- x

**WHEREAS**, the parties having agreed that discovery in this litigation is likely to entail the exchange of certain documents and information that the producing parties regard as trade secrets, proprietary, commercially sensitive, or otherwise are maintained as non-public in confidence by the producing parties in the ordinary course, and

**WHEREAS** the parties having agreed on the following terms for the protection of such information, and

**WHEREAS** the Court having found that good cause exists for the issuance of this order ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED** that the following terms shall apply to the production of discovery in this action:

1. **DEFINITIONS**

    1.1     Party:  Any named party to this litigation, including all of its officers, directors, in-house counsel, and employees;

    1.2     Discovery Material:  All items or information, regardless of the medium or manner generated, stored, or maintained that are produced or generated in disclosures or responses to discovery in this litigation and the contents and information contained therein, including but not limited to documents, interrogatory answers, responses to requests for admission, deposition transcripts, deposition exhibits, and any other discovery materials produced by a party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts, or summaries of the foregoing materials;

1.3     Producing Party:  A Party or non-party that produces Discovery Material in this litigation;

1.4     Receiving Party:  A Party that receives Discovery Material from a Producing Party;

1.5     Designating Party:  A Party or non-party that designates Discovery Material as Protected Material as set forth herein;

1.6     Protected Material:  Any Discovery Material that is designated pursuant to the categories and definitions set forth below (Sections 1.7-1.9);

1.7     Confidential Information:  All Discovery Material furnished by a Producing Party that the Producing Party in good faith reasonably believes contains trade secrets, confidential research, development, or commercial information, sensitive and non-public personal information, or other non-public information that is maintained in confidence and that the Producing Party believes in good faith requires the protection of this Protective Order;

1.8     Highly Confidential –Attorneys' and Experts' Eyes Only Information:  All Discovery Material furnished by a Producing Party that contains trade secrets or other confidential research, development, or commercial information that is so highly competitive and sensitive in nature – such as certain information relating to pricing, production costs, customers, marketing, product development, or financial data –that disclosure could result in a likelihood of serious competitive or other harm to the Producing Party if disclosed to the other Party's business personnel; and

1.9     Highly Confidential – Outside Counsel and Experts' Eyes Only Information:  all Discovery Material furnished by a Producing Party that contains trade secrets or other confidential research, development, or commercial information that is of such a highly competitive and sensitive nature that disclosure could result in a substantial likelihood of serious competitive or other harm to the Producing Party if disclosed to the other party's business or legal personnel.  Examples of this information include, but are not limited to, negotiations with potential or actual customers, investors, partners, or acquirers, disclosure of which would harm present or prospective business plans; confidential material regarding acquisition offers or expression of interest, proposed transactions, or other business combinations that are not public, disclosure of which would harm present or prospective business plans, negotiations, or relationships; and highly sensitive and confidential product development information, including software code, disclosure of which would harm market opportunities. It is the intention of the Parties that the Highly Confidential – Attorneys' and Experts Eyes Only designation shall be used on a limited basis, only where considered appropriate by the Producing Party.

**2. DESIGNATING PROTECTED MATERIAL**

2.1     Counsel for any Party may designate any Discovery Material, in whole or in part, as Protected Material pursuant to this Protective Order, if the Designating Party determines in good faith and with particularity that the Discovery Material in question meets the relevant categories of Protected Material as defined herein.

2.2     <u>Misdesignation</u>.  An inadvertent failure to designate a document or information or misdesignation of a document or information as Confidential, Highly Confidential – Attorneys' & Experts' Eyes Only, or Highly Confidential – Outside Counsels' & Experts' Eyes Only Material does not waive the right to so designate the document or information.  If a Producing Party designates a document as Confidential, Highly Confidential – Attorneys' & Experts' Eyes Only, or Highly Confidential – Outside Counsels' & Experts' Eyes Only Material after it was initially produced, the Receiving Party, on notification of the designation, shall immediately treat the material as such Discovery Material in accordance with this Order, and request that any other person to whom the material previously had been disclosed also treat the material in accordance with the designation.  No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential, Highly Confidential, Attorneys' & Experts' Eyes Only, or Outside Counsels' & Experts' Eyes Only Material.

2.3     Designation in conformity with this Protective Order requires:

(a)     <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), if not already previously designated with a legend by the Designating Party when such materials were readied for production, or otherwise provided by agreement, the Designating Party shall affix the legend "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL —ATTORNEYS' AND EXPERTS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL AND EXPERTS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER" at the bottom of each page that contains Protected Material;

(b)     <u>For written discovery responses</u>, designation shall be made by means of a statement in the answers or response specifying that the answers or responses or specific parts thereof are designated Confidential Information, Highly Confidential —Attorneys' and Experts' Eyes Only Information, or Highly Confidential — Outside Counsel and Experts' Eyes Only Information.  The Designating Party shall also affix the following legend on the front of any set of interrogatory answers or responses to requests for admission containing Protected Material: "CONTAINS CONFIDENTIAL INFORMATION [OR HIGHLY CONFIDENTIAL –ATTORNEYS' AND EXPERTS' EYES ONLY INFORMATION, OR HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL AND EXPERTS' EYES ONLY INFORMATION] — SUBJECT TO PROTECTIVE ORDER."

(c) <u>For testimony given in deposition</u>, the Designating Party shall designate a transcript or any portion of the testimony that is Confidential Information, Highly Confidential —Attorneys' and Experts' Eyes Only Information, and/or Highly Confidential — Outside Counsel and Experts' Eyes Only Information, in writing on or before thirty (30) days after the final transcript is received. No person shall be present during portions of the depositions designated Protected Material, unless such person is authorized under the terms of this Protective Order to receive Discovery Material containing such Protected Material or unless the Designating Party consents to such person being present. Only those portions of the testimony that are designated for protection in accordance with this section shall be covered by the provisions of this Protective Order. The entire testimony shall be deemed to have been designated as "Highly Confidential – Attorneys' and Experts Eyes Only" until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or either level of Highly Confidential Information except as ordered by the Court; and

(d) <u>For information produced in electronic or video format, and for any other tangible items</u>, if not already previously designated with a legend by the Designating Party when such materials were readied for production, or otherwise provided by agreement, the Designating Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL —ATTORNEYS' AND EXPERTS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL AND EXPERTS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER"

2.4   Nothing in this Protective Order constitutes an admission by any Party that the Protected Material is relevant or admissible. Each Party reserves the right to object to the use or admissibility of any Protected Material.

2.5   Protected Material may only be disclosed to the categories of persons identified in Sections 4.2-4.4 below. Any person receiving Protected Material shall not reveal or discuss such discovery material except for purposes of this litigation and subject to the terms of this Protective Order.

**3.   Scope and Duration**

3.1   The protections conferred by this Protective Order cover all Discovery Material, including Protected Material, and any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material. For the avoidance of doubt, the protections herein also cover both experts and any consultants retained by counsel, including jury consultants, and other consulting experts who may not ultimately produce written reports. However, with the exception of the requirements in Section 3.4 below, this Protective Order shall not be

4

construed to cause any counsel to produce, return, and/or destroy its own attorney work product, or the work product of their co-counsel.

3.2     Any Personally Identifying Information ("PII") (e.g., Social Security numbers, financial account numbers, passwords, and information of a kind susceptible to being used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  The Producing Party may specify the minimal level of protection expected in the storage and transfer of its information provided that such level of protection is not greater than that reasonably used by the Producing Party for such information in the ordinary course of the Producing Party's business.  In the event the Receiving Party experiences a data breach, it shall immediately notify the Producing Party of the same, and shall cooperate with the Producing Party to address and remedy the breach, subject to the Producing Party's reasonable instructions.  Nothing herein shall constitute a waiver of legal rights and defenses regarding the protection of PII from unauthorized disclosure.

3.3     Nothing herein shall be deemed to waive any privilege or protection recognized by law, or shall be deemed an admission as to the admissibility in evidence of anything revealed in the course of discovery.

3.4     Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, including appeals, each Receiving Party must destroy or return all Protected Material to the Producing Party, including any information copied or extracted therefrom, all copies, excerpts, summaries, or compilations thereof in any form (including email), and all testimony and written reports (including exhibits) that have been so designated. Notwithstanding this provision, the parties' outside counsel shall be permitted to retain their working files and the parties shall not be required to delete any emails off of backup archives maintained in the ordinary course of their business on the condition that those files will remain protected – any such files that contain or constitute Protected Material remain subject to this Protective Order.  For the avoidance of doubt, documents on the Parties' email backup systems may remain in the back-up archives only to the extent that they were properly disclosed to persons authorized under Sections 4.2-4.4 of this Protective Order.  In addition, the parties' experts may retain one copy of any expert report they prepared, which also remains subject to this Protective Order.

3.5     This Protective Order shall continue to be binding after the conclusion of this litigation except: (a) there shall be no restriction on Protected Material that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Protective Order.

3.6     Nothing herein shall preclude the parties from disclosing Protected Material if otherwise required by law or pursuant to a valid subpoena, provided that the Receiving Party shall give prompt written notice to counsel for the Producing Party to the extent permitted by law, and will allow the Producing Party an opportunity to oppose such

subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order.  No compulsory disclosure to third parties of information or material exchanged under this Protective Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

**4.      ACCESS TO AND USE OF DISCOVERY MATERIAL**

4.1     <u>Basic Principles</u>:  A Receiving Party may use Discovery Material only in connection with this litigation, including for prosecuting, defending, or attempting to settle it.  Protected Material may be disclosed only to the categories or persons and under the conditions described in this Protective Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

4.2     <u>Disclosure of Confidential Information</u>:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Information only to:

(a) The Receiving Party's outside counsel of record in this action as well as employees of said outside counsel and in-house legal personnel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Current or former officers, directors, and employees of Parties to whom disclosure is reasonably necessary for this litigation;

(c) The author, addressees, or recipients of the document, or individuals who are specifically identified in the document, provided that no portion of the information other than that which specifically relates to the individual shall be disclosed to the individual, and the individual shall not be permitted to possess or retain copies of such information;

(d) Witnesses in the action to whom disclosure is reasonably necessary for purposes of depositions, hearing or trial in this litigation, provided that no portion of the information other than that which is reasonably necessary for the individual to review is disclosed to the witness and the witness shall not be permitted to possess or retain copies of such information;

(e) Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

(f) Stenographers, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(g) Any other person to whom the Designating Party agrees in writing or on the record can receive such information, and any other person as may be ordered by the Court;

    (h)  Any arbitrator, mediator or other person who may be engaged by the parties to assist in potential settlement of the case; and

    (i)  The Court, including court staff.

Prior to reviewing Confidential Information, any person in categories 4.2(a)-(h) shall sign the undertaking attached hereto as Exhibit A, a copy of which shall be maintained by the Receiving Party. Any review of Confidential Information by persons in categories 4.2(a)-(h) shall be subject to the terms of said undertaking, which are incorporated by reference herein and shall be enforceable by order of this Court; except that if the person is a witness and is testifying under oath, such person can be informed on the record of the individual's obligation to keep the information confidential and not to use it for any purpose other than this litigation in lieu of signing Exhibit A.

4.3    <u>Disclosure of Highly Confidential –Attorneys' and Experts' Eyes Only Information:</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose Highly Confidential—Attorneys' and Experts' Eyes Only Information to:

    (a)  The Receiving Party's in-house legal personnel to whom it is reasonably necessary to disclose the information for this litigation and the Receiving Party's outside counsel of record in this action as well as employees of said outside counsel;

    (b)  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    (c)  The author, addressees, or recipients of the document, or individuals who are specifically identified in the document, provided that no portion of the information other than that which specifically relates to the individual shall be disclosed to the individual, and the individual shall not be permitted to possess or retain copies of such information;

    (d)  Current or former officers, directors, employees, and representatives of the Producing Party when the officer, director, employee, or representative is testifying at trial or deposition and when disclosure is reasonably necessary at depositions or trial;

    (e)  Stenographers, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation;

    (f)  Any arbitrator, mediator or other person who may be engaged by the parties to assist in potential settlement of the case;

    (g)  Any other person to whom the Designating Party agrees in writing or on the record can receive such information, and any other person as may be ordered by the Court; and

(h) The Court, including court staff.

Prior to reviewing "Highly Confidential – Attorneys' and Experts' Eyes Only Information," any person in categories (4.3)(a) – (h) shall sign the undertaking attached hereto as Exhibit A, a copy of which shall be maintained by the Receiving Party. Any review of Highly Confidential –Attorneys' and Experts' Eyes Only Information shall be subject to the terms of said undertaking, which are incorporated by reference herein and shall be enforceable by order of this Court; except that if the person is a witness and is testifying under oath, such person can be informed on the record of the individual's obligation to keep the information confidential and not to use it for any purpose other than this litigation in lieu of signing Exhibit A.

4.4    <u>Disclosure of Highly Confidential – Outside Counsel and Expert Eyes' Only Information</u>:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose Highly Confidential—Outside Counsel and Experts' Eyes Only Information to:

(a) The Receiving Party's outside counsel in this action as well as employees of said counsel;

(b) Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

(c) The author, addressees, or recipients of the document, or individuals who are specifically identified in the document, provided that no portion of the information other than that which specifically relates to the individual shall be disclosed to the individual, and the individual shall not be permitted to possess or retain copies of such information;

(d) Current or former officers, directors, employees, and representatives of the Producing Party when the officer, director, employee, or representative is testifying at trial or deposition and when disclosure is reasonably necessary at depositions or trial;

(e) Stenographers, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) Any arbitrator, mediator or other person who may be engaged by the parties to assist in potential settlement of the case;

(g) Any other person to whom the Designating Party agrees in writing or on the record can receive such information, and any other person as may be ordered by the Court; and

(h) The Court, including court staff.

Prior to reviewing "Highly Confidential – Outside Counsel and Experts' Eyes Only Information," any person in categories 4.4(a) – (h) shall sign the undertaking attached hereto as Exhibit A, a copy of which shall be maintained by the Receiving Party. Any review of Highly Confidential – Outside Counsel and Experts' Eyes Only Information shall be subject to the terms of said undertaking, which are incorporated by reference herein and shall be enforceable by order of this Court; except that if the person is a witness and is testifying under oath, such person can be informed on the record of the individual's obligation to keep the information confidential and not to use it for any purpose other than this litigation in lieu of signing Exhibit A.

4.5   This Stipulation has no effect upon, and shall not apply to, a Producing Party's use of its own Discovery Material (*i.e.* what a Producing Party produced) for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a Party of Protected Material that has been obtained lawfully by such party independently of the proceedings in this action or that becomes publicly available after the Confidentiality designation through no fault or breach by the Receiving Party.

5. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    5.1   <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    5.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

    5.3   <u>Judicial Intervention</u>. If the Parties are unable to reach an agreement on confidentiality designations, the Party challenging the confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge within ten (10) days of completing the meet and confer process outlined in Section 5.2.

**6.     FILING OF PROTECTED MATERIAL AND USE AT HEARINGS**

6.1     To the extent that any Protected Material is included or referenced in any submissions to the Court, the filing party shall redact all Protected Material in materials filed on the public docket and shall file unredacted versions under seal.  This Protective Order represents the Court's approval for any such sealed filings.

6.2     A Party may, subject to the Federal Rules of Evidence and further Orders of the Court, use any Protected Material for any purpose at any hearing before a judicial officer in this litigation (and as specifically provided by Paragraph 6.1 herein), provided that reasonable notice (except in unforeseen circumstances, at least 48 hours in advance) is given to counsel for the party who designated the Protected Material, and provided further that the Producing Party may at the time of such proposed use, and prior to the disclosure of the Protected Material, move for an appropriate protective order.  In requiring reasonable notice of proposed use of Protected Material, this Protective Order does not seek to require a separate notice procedure; rather, good faith compliance by any party with this Court's pre-hearing and/or pretrial requirements to disclose the documents proposed for use at the hearing or trial and/or the filing of a pleading from which the intent to use specific confidential information (referenced by bates number or other specific designation) at trial or hearing is made clear shall constitute compliance with this notice requirement.  To the extent that the Producing Party is provided less than forty-eight (48) hours' notice of the intent of another party to use Protected Material at trial or hearing, this Court will afford such time as is reasonably necessary for the producing party to confer with the appropriate person to determine the extent to which a protective order may be necessary and to move for the same.

**7.     THIRD PARTY PRODUCTIONS**

7.1     The terms of this Protective Order shall be applicable to any third party who produces information.

7.2     If a Party to this litigation determines that the information produced by a third party contains the Party's own confidential information: (a) for which special protection is warranted and for which the third party should have designated the information as Protected Material, but the third party failed to so designate, or (b) said third party was obligated to keep confidential by agreement, then the Party may notify the other Receiving Parties of the appropriate designations, and such designations shall govern unless any of the Receiving Parties challenge such designations as set forth in Section 5 of this Protective Order.

**8.     ATTORNEY RENDERING ADVICE**

8.1     Nothing in this Protective Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to Protected Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the

attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under the Protective Order

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately use its best efforts to retrieve all copies of the Protected Material, inform the person or persons to whom unauthorized disclosure was made of all the terms of this Protective Order, and request that such person or persons execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.  The Receiving Party shall timely notify the Producing Party of this unauthorized disclosure.

**10.   INADVERTENT PRODUCTION OR COMMUNICATION**

10.1    A Producing Party's inadvertent disclosure in connection with this action of one or more documents that such Producing Party believes constitute, contain, or reflect information otherwise protected by the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery ("Privileged Material"), shall not constitute a waiver with respect to such Privileged Material or generally of such privilege or immunity or the subject matter thereof.

10.2    In the event of alleged inadvertent disclosure of alleged Privileged Material, the Producing Party may provide notice to the other Parties advising of the disclosure and requesting return or destruction of the alleged Privileged Material.  Upon such notice, the Receiving Party shall make no further use of the alleged Privileged Material and shall immediately segregate them in a manner that will prevent further disclosure or dissemination of their contents, and within ten (10) days of receiving such notice of inadvertent production of Privileged Material, the Receiving Party shall return or destroy all documents identified by the Producing Party in such notice and shall expunge from any other document, information or material derived from the inadvertently produced Privileged Material.

10.3    The production of any alleged Privileged Material in the circumstances described in paragraphs 10.1 and 10.2 shall not constitute a waiver of the privilege or protection.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

**11.   MISCELLANEOUS**

11.1    <u>Further Order of the Court</u>:  This Order may be changed by further order of this Court.  Further, nothing herein shall prejudice the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information

11.2    <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or

producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

[remainder of page intentionally left blank]

SO STIPULATED AND AGREED.

| **DEBEVOISE & PLIMPTON LLP** | **SHEARMAN & STERLING LLP** |
|---|---|
| By: /s/ Jeremy Feigelson | By: /s/ Stephen R. Fishbein |
| Jeremy Feigelson | Stephen R. Fishbein |
| James J. Pastore | John A. Nathanson |
| Michael Schaper | Christopher LaVigne |
| Megan K. Bannigan | 599 Lexington Ave |
| Erica S. Weisgerber | New York, New York 10022 |
| Matthew J. Sorensen | Telephone (212) 848-4000 |
| 919 Third Avenue | Facsimile (646) 848-7696 |
| New York, NY 10022 | Primary email: |
| (212) 909-6000 | stephen.fishbein@shearman.com |
| jfeigelson@debevoise.com | Primary email: |
| jjpastore@debevoise.com | john.nathanson@shearman.com |
| mschaper@debevoise.com | Primary email: |
| mkbannigan@debevoise.com | christopher.lavigne@shearman.com |
| eweisgerber@debevoise.com | Secondary email: |
| mjsorensen@debevoise.com | carmel.forte@shearman.com |
| | |
| Of Counsel: | John F. Cove Jr. |
| **GORDON REES SCULLY MANSUKHANI, LLP** | SHEARMAN & STERLING LLP |
| Brian E. Middlebrook | 535 Mission Street, 25th Floor |
| Richard L. Green* (pro hac vice to be sought) | San Francisco, CA 94105-2997 |
| One Battery Park Plaza | Telephone: (415) 616-1139 |
| 28th Floor | Email: john.cove@shearman.com |
| New York, NY 10004 | |
| (212) 269-5500 | *Counsel for Defendants Advent Software, Inc. and SS&C Technologies Holdings, Inc.* |
| bmiddlebrook@grsm.com | |
| rlgreen@grsm.com | |
| *Resident in Glastonbury, Connecticut office | |

*Counsel for Plaintiff Arcesium LLC*

SO ORDERED this 17th day of December, 2020

_____
Hon. Mary Kay Vyskocil

## Exhibit A

## Undertaking

This Undertaking relates to *Arcesium LLC v. Advent Software, Inc. and SS&C Technologies Holdings, Inc.*, Case No: 1:20-cv-04389 (MKV), a litigation pending in the United States District Court for the Southern District of New York (the "Action" in the "Court").

I have received and reviewed a copy of the Protective Order entered by the Court in the Action. I understand that, in the course of the Action, certain discovery materials may be disclosed to me that have been designated as Confidential Information, Highly Confidential—Attorneys' and Experts' Eyes Only Information, or Highly Confidential—Outside Counsel and Experts' Eyes Only Information under the Protective Order (collectively, "Protected Material"). I understand that any discovery materials so labeled are confidential by Order of the Court.

I understand the Protective Order and will comply with it. To the extent I am provided with any Protected Material, I will use it only as allowed by the Protective Order.

At the conclusion of my involvement in this litigation, I will return all Protected Material that has come into my possession, or I will certify via email to counsel that I have securely destroyed the same.

I agree to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

Signed:

_____